UNITED STATES DISTRICT COURT

Eric Floyd                          :          Case No. 3:01CV1221

V.                                  :                    (CFD) (WIG)

Brian Murphy                        :

## AMENDED PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Eric Floyd, was directed by this honorable court to file an amended habeas petition containing all claims he wishes to address in this action, within thirty days from the issuance of a decision by the Connecticut Supreme Court on the appeal of any adverse decision on the State Habeas Petition.

The petitioner raises the following claims which were in violation of his Constitutional Rights under the Fifth Amendment, the Sixth Amendment the Fourteenth Amendment and the Connecticut Constitution, Article First 8.

First Claim:

The defendant claims that the trial court violated his Constitutional Due Process right to a fair trial by inadequately instructing the jury on the essential elements of the crime of accessory murder (See Attachment).

Second Claim:

The defendant claims that the State violated his Constitutional right by failing to disclose impeachment evidence pertaining to the testimony of two of the States witnesses (See Attachment).

Third Claim:

The defendant claims that the State violated his Constitutional rights by failing to timely disclose two statements (See Attachment).

Fourth Claim:

The defendant claims that the State violated his Constitutional right by using perjured testimony to obtain a conviction and reiterated the perjury during closing argument (See Attachment).

Fifth Claim:

The States Attorney made a missing witness argument during closing argument (See Attachment).

Sixth Claim:

The Defendants attorney was constitutionally ineffective and his deficient performance actually prejudiced the defendant (See Attachment).

Respectfully Submitted,

Eric Floyd

<u>Claim One</u>:

The defendant claims that the accessory liability instructions were misleading and confusing when they instructed the jury that it is of no consequences that the evidence may not clearly establish that the death of Jose Avellant was caused by the defendant or any accomplice, you can still find him guilty.  The accomplice liability instructions were confusing, misleading and contradictory and therefore constitutionally deficient.

## SUPPORTING FACTS

_Claim TWO:_

      Before trial the defendant requested in his motion of discovery for the State to disclose any and all inducements or rewards given to a witness or codefendant in return for their testimony and the State responded that there was none. After the defendant was convicted, the defendant's Appellate counsel obtained information concerning the disposition of the drug charges against the State's key witness, which he feels showed that the State's key witness in fact had received favorable treatment. So, an evidentiary hearing was conducted and the following information was found.

      Numerous notations were found in the State's file which prove that the State gave its key witness favorable treatment which they failed to disclose.

1) June 24, 1994, Sergeant Sherbo, Younger gave good information on two murders and will notify (State's Attorney) Donald Brown per his instructions.

2) June 27, 1994, State will do nothing without detailed written letter.

3) August 8, 1994, (State's Attorney) Brown says release on PTA, the case that Younger is to testify is still pending, do not dispose of until consulting Part A.

4)  November 23, 1994, spoke with (State's Attorney) Donald Brown
on this case, continue until the end of January, do not dispose
of without seeing me (Joe Marcell) I have to consult with
(State's Attorney) Donald Brown before disposing.

5)  March 15, 1995, spoke with Donald Brown, he instructed us
not to dispose of this file until Part A case is over.  Younger
is to testify in Part A case, he said continue 2 more months.

6)  January 23, 1996, spoke with (State's Attorney) Donald Brown,
Younger was outstanding witness, helped obtain conviction.
Because of his cooperation 5 years e/s 3 years probation.

The following infromation was also obtained, the State
produced during the evidentiary a letter dated September 28,
1994, from Younger's Attorney Catherine E. Teitell addressed
to (State's Attorney) Donald Brown which stated, "An assistance
State's Attorney from Part B suggested a long continuance in
this case for the purpose of speaking with you regarding a dis-
position in light of Younger's cooperation in the investigation
of one of your cases in Part A.  He will make an excellent
witness for you if called upon in the future.  And a letter dated
November 22, 1994, from Sergeant Joseph Sherbo, stating that
Michael Younger has assisted with information relating to two
homicides.  Also on August 22, 1994, Michael Younger's probation
officer, Franklin O. Cortes, placed a notification of new arrest
for violation of probation, but was never violated because the
State's Attorney Donald Brown intervened.  Younger's Attorney
Catherine Teitell stated Donald Brown's say went a long way
concerning the probation status.

(2)

Furthermore, the State failed to turn over the second page of Detective Sherbo's police report. In the report, Alex Delgado informed a member of the victim's family that two other individuals were responsible for the murder, but two months later turned around and accused the defendant. The defendant claims the State should have disclosed this information, so the jury could have used this to weigh two of the State's witnesses' credibility. The defendant feels the State withheld exculpatory evidence under Brady V. Maryland and Kyles V. Whitley.

Claim Three:

Before trial, the defendant requested in his motion of Discovery for the State to disclose all statements the State had in their possession. The State turned over statements from Reginald Barry and Alex Delgado at the PCH hearing, then three weeks before trial, turned over Luis Troncoso's statement which had third party culpability information in it and did not turn over Michael Younger's statement until he testified at trial. The defendant had no time to properly investigate this information and due to this was unable to prepare a defense in violation of his due process.

Claim Four:

The defendant claims that the State's Attorney not only allowed its
key witness to commit perjury when he denied receiving consideration from
the State or the Police for his testimony, but also that the State's Attorney
impermissibly vouched for the witness testimony by lying to the jury when
he said that there is no evidence to refute that Younger was given consider-
ation when in fact there was, but the State suppressed it.

(1)

**SUPPORTING FACTS**

CLAIM FIVE :

The defendant complains of the following statements (where is the evidence of a plea agreement, defense counsel call Younger's lawyer up have the lawyer come down and testify) the defendant feels these remarks were improper for the following reason.  During the evidentiary hearing Younger's lawyer was asked if any prosecutor ever said to her that if Younger testified for the State in Part A case, the State would go easy on him or make him a deal in his Part B case.  She stated that she had taken part in a conversation with a Part B prosecutor about the relationship of Younger's cooperation in Part A to favorable disposition of his Part B case.  She testified that yes, there was communication regarding what was happening in Part A and what was possible.  The defendant feels that the State's Attorney mislead the jury by enhancing the State's key witness credibility.

(1)

Caim Six:

The defendant claims that his trial lawyer was ineffective. The defendant's lawyer did not adequately investigate the potentially exculpatory information as to third party culpability. The defendant's lawyer failed to ask for a continuance when the State turned over Troncoso's statement shortly before trial or seek a mistrial or continuance when the State turned ever Younger's statement for the first time after he testified. The defendant's attorney failed to seek disclosure with respect to the confidential informant who had provided information to the BPT Police that the murder had been committed by two Latin Kings and failed to introduce into evidence the train tickets that the defendant had used to travel out of state when the murder was committed. His lawyer failed to call the Handwriting Expert who analyzed Reginald Barry's signature on the statement and he said he is unable to say if the hand writing on the statement was original. The defendant's lawyer failed to call Jose Davilla as a witness. Davilla would have testified that Alex Delgado had implicated two different individuals in the murder, or call Annette Rodriguez to testify as to his Alibi Defense. There is a reasonable probability that the outcome would be different had he received constitutionally effective assistance of counsel.

(1)

CERTIFICATION

I hereby certify that a copy of this document was mailed to Joanne

Sulik, Assistant States Attorney, Office of The Chief States Attorney, 300

Corporate Place, Rocky Hill, Connecticut 06067, on this date 2/25/07

Eric Floyd

1153 East Street South

Suffield, Connecticut

06080