**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | : | **PRISONER** |
| **ERIC FLOYD** | : | **CASE NO. 3:01CV1221(CFD)(WIG)** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN MURPHY** | : | **AUGUST 22, 2007** |

<u>**RESPONDENT'S OPPOSITION TO PETITIONER'S**</u>
<u>**MOTION FOR EVIDENTIARY HEARING**</u>

Pursuant to Rule 7(a) of the Local Rules Of Civil Procedure For The District Of Connecticut, the respondent submits this opposition to the petitioner's Motion for Evidentiary Hearing [Doc. # 36] dated May 28, 2007.

**I.    PROCEDURAL HISTORY**

"On April 11, 1994, the Bridgeport police arrested the [petitioner].  The [petitioner] subsequently was charged with the murder of the victim in violation of § 53a-54a (a), the attempted murder of [another individual named Alex Delgado] in violation of General Statutes §§ 53a-49 and 53a-54a (a), commission of a class A, B or C felony with a firearm in violation of § 53-202k, and criminal possession of a firearm in violation of § 53a-217." (Footnotes omitted.)  *State v. Floyd,* 253 Conn. 700, 705, 756 A.2d 799 (2000).   On December 8, 1995, "at the conclusion of the trial, the jury rendered a verdict of guilty of the crimes of murder, commission of a class A, B or C felony with a firearm, and criminal possession of a firearm, and not guilty of the crime of attempted murder." *Id.*  On January 26, 1996, the trial court sentenced the defendant to a total effective term of imprisonment of fifty-five years.  The petitioner appealed to the Connecticut Supreme Court.  On July 25,

<u>**Oral Argument Not Requested**</u>

2000, that Court affirmed the judgment of conviction. *State v. Floyd*, 253 Conn. 700, 756 A.2d 799 (2000) (hereinafter "*Floyd I*")..

In June 2001, the petitioner filed a petition for writ of habeas corpus with this Court, initiating the instant proceedings. On or about April 4, 2002, the respondent filed an Answer and a Memorandum of Law in Opposition to the Petitioner's Application for Habeas Relief. Thereafter, the petitioner sought to stay these proceedings so that he could return to the state courts of Connecticut and raise several new claims. On March 5, 2003, the Court granted the petitioner's motion for a stay.

The petitioner sought relief from the state habeas court. After a hearing on the merits of the petitioner's claims, the state habeas court denied relief. The petitioner appealed. On February 13, 2007, the Connecticut Appellate Court affirmed the judgment of the state habeas court. *Floyd v. Commissioner of Correction,* 99 Conn. App. 526, 914 A.2d 1049 (2007) (hereinafter *"Floyd II"*). The petitioner then sought discretionary review by the Connecticut Supreme Court. On April 12, 2007, the Connecticut Supreme Court denied such review. *Floyd v. Commissioner of Correction*, 282 Conn. 905, 920 A.2d 308 (2007).

Meanwhile, the petitioner returned to this Court by filing an amended petition dated February 25, 2007; *see* Petition [Doc. # 31]; and a motion to lift the stay. On March 19, 2007, that motion was granted by the Court and the respondent was directed show cause why the relief requested in the petition should not be granted.

## II.    ARGUMENT

The petitioner has filed a Motion for Evidentiary Hearing dated May 28, 2007, in which he requests a hearing "to determine if the State allowed their key witness to commit

perjury when he testified for the State in the defendant's murder trial." Motion [Doc. # 36] at 1. Apparently, the petitioner seeks a hearing in order to relitigate an issue already resolved by the state courts. Indeed, he asserts that a hearing is warranted because "the Appellate Court and the Supreme Court's decision is at odds with established principle of Federal and State Constitution law." Motion [Doc. # 36] at 3. In limited circumstances, 28 U.S.C. § 2254(e)(2) permits an evidentiary hearing "to develop the factual basis of a claim." An evidentiary hearing is not warranted, however, when the petitioner already has developed the factual basis for his claim but is unhappy with the state court's resolution of the issue. Because this is precisely why the petitioner seeks a hearing, his motion should be denied.

In *Floyd II*, the Connecticut Appellate Court described and decided the claim that the petitioner now seeks to present to this Court at an evidentiary hearing, as follows:

> Finally, we consider the petitioner's claim that the state knowingly used false testimony to obtain his conviction. Specifically, the petitioner argues that the state knowingly withheld from him and the jury information that Younger had been granted favorable consideration from the state in exchange for his testimony. In support of his claim, the petitioner asserts that the state improperly vouched for Younger's credibility in its closing argument, effectively bolstering Younger's testimony that he had not received favorable consideration in exchange for his testimony.[1] We disagree in light of our Supreme Court's previous resolution of the consideration issue on direct appeal; see *State v. Floyd,* supra, 253 Conn. at 739-40, 756 A.2d 799.

---

[1]    "The state maintains that the issue of whether the state knowingly used perjured testimony to obtain the conviction is not reviewable on appeal because the petitioner did not allege it in his amended petition or in his posttrial brief. We review this claim, however, as the petitioner bases his argument on the state's vouching for Younger's credibility during closing argument, a ground that was both alleged in the amended petition and addressed by the habeas court in the memorandum of decision, albeit in the context of the discussion of the petitioner's *Brady* claims." *Floyd II,* 99 Conn. App. at 538 n.8.

In its memorandum of decision, the habeas court stated that "Michael Younger . . . had criminal charges pending [against him] in the judicial district of Fairfield at the time that he testified against the petitioner at the petitioner's criminal trial. The petitioner had requested an evidentiary hearing to determine whether a plea agreement between the state and Younger has been disclosed to the trial court and to defense counsel before Younger had testified. . . . [Our] Supreme Court ordered the trial court to hold an evidentiary hearing to determine whether Younger and the state had a plea agreement when Younger testified at trial. [The trial court, *Gormley, J.*] conducted such a hearing and held that there was not an undisclosed, implied agreement between Younger and the state. [Our] Supreme Court stated in *State v. Floyd,* [supra, 253 Conn. at 739-40, 756 A.2d 799] in pertinent part as follows: 'We conclude that the trial court reasonably could have found, based on the evidence presented, that there was no implied plea agreement between Younger and the state. . . . Accordingly, we conclude that the trial court's factual finding that there was no such implied agreement must stand.' " Quoting further from the Supreme Court decision in *State v. Floyd,* supra, at 745-46, 756 A.2d 799, the trial court stated: "'[T]he jury reasonably could have inferred from Younger's testimony that, even though he did not have a specific deal with the state and did not know of any past consideration for his testimony, his pending charges provided a motivation for him to testify favorably for the state. Indeed, in closing arguments, defense counsel urged the jury to make that very inference. . . . Furthermore, the trial court instructed the jury that it could consider whether Younger was expecting favorable treatment from the state in the case pending against him in deciding whether Younger had any bias, interest or motive to testify falsely.' "

We agree with the petitioner who, quoting *State v. Goodson,* 84 Conn. App. 786, 803, 856 A.2d 1012, cert. denied, 271 Conn. 941, 861 A.2d 515 (2004), stated that " '[t]he knowing presentation of false evidence by the state is incompatible with the rudimentary demands of justice. . . . A new trial is required if the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury.' " Our Supreme Court, however, affirmed the factual finding that there was no plea agreement between Younger and the state. The prosecutor's remarks in closing argument therefore were not based on false testimony, as the petitioner claims. Consequently, the petitioner's claim must fail.

*Floyd II*, 99 Conn. App. at 538-40.

Guidance on the issue of evidentiary hearings may be found at 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, which provides that:

> (2)    If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> > (A) the claim relies on--
> >
> > > (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > >
> > > (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The instant petitioner does not claim that he was prohibited from developing the factual basis for his claim in the state court proceedings and he does not allege that, but for that failure, he can establish his innocence.[2]  Rather, he claims that the decision of the state courts was an unreasonable application of federal law.  This Court is capable of

---

[2]    The "application of the cause-and-prejudice standard to excuse a state prisoner's failure to develop material facts in state court [appropriately accommodates] concerns of finality, comity, judicial economy, and channeling the resolution of claims into the most appropriate forum." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992) (pre-AEDPA case).  Accordingly, a petitioner's failure to develop material facts in the state courts, whether deliberate or negligent, cannot be excused absent a showing of cause and actual innocence.

resolving that issue on the record developed during the state proceedings. As a result, the petitioner is not entitled to an evidentiary hearing and his motion must be denied.

## III.    CONCLUSION

For the reasons discussed above, the petitioner is not entitled to an evidentiary hearing and his motion must be denied.

Respectfully submitted,

RESPONDENT--BRIAN MURPHY

By:    _____
JO ANNE SULIK
Senior Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (fax)
Fed. Bar. No. ct 15122

## CERTIFICATION

I hereby certify that a copy of this document was mailed to Eric Floyd, Inmate No. 155356, MacDougall Correctional Institution, 1153 East Street South, Suffield, Connecticut 06080 on August 22, 2007.

_____
JO ANNE SULIK
Senior Assistant State's Attorney