COURT
DISTRICT OF CONNECTICUT
FILED

ERIC FLOYD

V.

BRIAN Murphy

Docket No: 3:01 CV1221 (CFD)(WIG

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Sept 2, 2007

## Petitioners opposition to the Respondents Motion against the petitioner's request for an Evidentiary Hearing

The petitioner states that pursuant to 28 U.S.C. §2254(e)(2) An Evidentiary hearing is permitted where a Factual basis is not Fully Clear:

The respondent Filed an opposition against the petitioner's Motion For an Evidentiary hearing stating that the petitioner seeks to relitigate an issue already resolved by the state courts and also, that the petitioner doesn't claim that he was prohibited From developing the Factual basis of his Claim in the state court proceedings and he does not allege that but For that Failure he can establish his innocence...

The petitioner states the following: During all State proceedings the petitioner has attempted to resolve the issue concerning the states knowing use of perjured testimony but on all attempts was prohibited from fully resolving the matter in question during the petitioner's Direct appeal. The petitioner attempted to bring the claim that the States Attorney Vouched for the witness testimony, but the Supreme court failed to review it claiming that the defendant didn't brief the issue, SEE: State v Floyd 253 CT 700 FN 35. The petitioner's appellant counsel filed a motion for reargument EN BANC, on August 3, 2000 claiming a misapprehension of the Jury argument which the Supreme Court denied; then during a Grievance hearing which was conducted on June 3 2004 in the matter of Eric Floyd v. Robert Satti, JR, Mr Satti was asked about the closing argument and the responded "that the appellant Counsel didn't argue it as an issue on appeal" See hearing of June 3 2004 At pg 3. Then when asked if he lied to the Jury when he stated there was NO evidence to refute that Mr Younger was ever given Consideration

2

For his testimony Satti stated "There is no evidence of him giving me actually, with me having that information" basically States Attorney Satti is saying that since he wasn't provided with all the information dealing with the consideration given to Mr Younger his closing cant be considered False see hearing of June 3 2004, at pg 27. Then during the petitioner's Habeas trial the petitioner raised the issue of perjury see amended complaint of March 11 2004, A hearing was conducted on Sept 29 2004 at pg 131 Thru 135, the petitioner's Habeas lawyer asked Mr Satti if he knew about the consideration given to Mr Younger would he still have made the same closing argument.... The attorney representing the state objected and stated "In other words, would he have committed prosecutor misconduct if he had known it did" The petitioner wants to know how can the state claim if he knew about the information and made the same closing it would be prosecutor misconduct but since he didn't know about the consideration its not. A lie, is a lie, Mr Youngers testimony as well as the States Attorney's reiteration of Youngers testimony was False and Misleading and the law concerning situations as the one in

3

question are governed in Silva or Hayes Jr v. Jill Brown 399 Federal Reporters 3rd series at 972. and also as our court noted in Northern Mariana Islands v. Bowie 243 F.3d 1109, 1114, "Few things are more repugnant to the constitution expectations of our criminal system than covert perjury...." It is reprehensible for the state to seek refuge in the claim that a witness did not commit perjury, when the witness unknowingly presents false testimony at the behest of the state "This saves the witness from perjury but it does not make his testimony truthful" Willhoite v. Vasquez 921 F.2d 247, 251 (Trott J, concurring) The fact that the witness is not complict in the falsehood is what gives the false testimony the ring of truth, and makes it all the more likely to affect the judgemt of the jury. the witness is unaware of the falsehood of his testimony makes it more dangerous, not less so." The petitioner states the following, During a hearing which was held on 8/17/98 Chief States Attorney Donald Brown, testified to the effect that ordinarily the state would not ask for nor agree to long continuances in a part B case see Aug 17, 1998 H/T pg 154, It was however, his practice to try to keep

4

a part B case from reaching disposition, if the defendant in that case was expecting to be a Part A, case witness see id 156-57. He testified that in those situations, "which were really somewhat limited there would be communication between myself and Mr Marcello" 8/17/98 HT 158. Brown also agreed that it was common practice in those type of situations to avoid giving a commitment ahead of time to any specific plea agreement to the part B witness, The process was always we wouldn't make a specific recommendation we would just indicate to the individuals attorney that we would call to the attention of the sentencing court any cooperation that he provided. and we would also take that into consideration. in making a recommendation. He agreed that at the same he wanted it to be known that if the witness did truthfully cooperated with the state, the state was going to cooperate with the witness when it came time for the witness to be sentence 8/17/98 HT 159-60-61 the question now is who did he want it to be known to. Satti testified that he never knew about the consideration given to

5

Mr Younger nor was the Jury, or the defense, in fact, when the defense attempted to have the Jury make that very inference... as to whether Mr Younger motive for testifing was only to better his own situation. The state rebuttal was "Mr Younger testified I dont expect to get any consideration from the state" "There is no evidence at all to refute that. No evidence at all to refute that."... Then the trial court instructed the Jury that it could consider whether Younger was expecting favorable treatment from the state in the case pending against him in deciding whether Younger had any bias intrest or motive to testify falsely. In order to do that the Jury needed to be presented with all the facts concerning consideration given to Younger and the understanding as to whats to be expected after he testifies. The Supreme court ruled that mr Younger was given consideration from the state and that this information should Have been disclosed to the defense which makes clear that Youngers testimony was false and misleading

6

additional truth the Supreme Court never knew about the fact that Det. Sherbo, from the Bridgeport Police department sent a letter to the state's attorney's office on behalf of Mr Younger because Mr Younger request him to do so in consideration of him giving the statement see Habeas.T/T of 9/26/04 pg 143. During the petitioners trial Mr Younger was asked if "he ever asked the police for any consideration for him giving the statement" and he stated "NO". which now through the testimony has been proven to be false. The appellant court as well as the state in there opposition for the requested hearing has failed to address this issue concerning the letter sent from Det Sherbo to the state for Mr Younger or his denial of ever asking the police for consideration; Furthermore, The state still refuses to address the question as to who recommended the states attorney to dispose of Mr Youngers case after he testifies see (State v Floyd At 755). On 11/17/95 the state requested a continuance until 1/5/96 (after the

7

the petitioners murder trial" or further investigation" and when the court asked what a case so old was doing on the disposition docket the state replied "I dont think its gonna provide business... For the jury docket once our investigation is complete" The truth of the matter is, once Mr Younger testifies the state was gonna dispose of his case and this is evident and should have been disclosed to the defense as well as the jury because Mr Younger's testimony was vital, to the petitioner's case and if the defense could have prove that his testimony was false there is a strong possibilty that the petitioner would of been found not Guilty. The petitioner was charged with attempted murder against Alex Delgado one of the witness's, who was with the victim Reginald Barry and Mr Delgado both stated that the petitioner chased Mr Delgado shooting at him. Mr Younger stated although he seen Delgado running he was unable to see who

8

was chasing him, the petitioner was found not guilty of the charge of attempted murder. It has been shown that Mr Younger's testimony was extremely important and that this motion for an Evidentiary hearing should be granted In all cases the petitioner read dealing with perjury an Evidentiary hearing was always conducted... The petitioner request oral argument on this motion as well

Respectfully

*Eric Floyd*
Eric Floyd

## Certification

I herby certify that a copy of this motion was sent to Joanne Sulik and James Killen of 300 Corporate Place, Rocky Hill CT 06067. of Sept 2 2007

*Eric Floyd*
ERic Floyd

9